13 189
f116 548

## ELEANOR E. WOODS AND HUSBAND *v.* F. A. WOODS.

An action to annul a sale of negroes alleged to have been bought at a succession sale by the administrator through persons interposed was properly brought against the administrator at his domicil, in regard to nullities arising subsequent to the order of sale. The order of sale itself and the proceedings anterior to it could only be attacked in the court which decreed the sale.

The heirs have such an interest in the succession while under administration as to authorize their bringing a suit against the administrator to set aside a sale made to himself through persons interposed.

APPEAL from the District Court of the parish of West Baton Rouge, *Beale*, J. *D. N. Barrow*, for plaintiffs and appellants. *H. C. Hudson*, for defendant.

MERRICK, C. J. The present case is before us on an appeal taken by plaintiffs from a judgment dismissing their petition.

The action as it now stands is brought in the parish of West Baton Rouge by the plaintiffs, as the heirs at law of *Ezer E. Woods*, *Amanda Smith*, their mother, and of *Maria E.* and *Edith Woods*, their deceased sisters, to annul the sale of certain slaves bought, as plaintiffs allege, by the defendant, the administrator of said *Ezer E. Woods*, deceased, through persons interposed.

It is alleged that the succession of said *Ezer E. Woods* was opened in the parish of De Soto, where the defendant, *Frame A. Woods*, was appointed administrator, and where he provoked the sale of the slaves in controversy. The petition alleges causes of nullity previous to and in the decree of sale, and also in the sale itself to the administrator through persons interposed. The petition

also contains other causes of action which, after exception, were voluntarily dismissed by plaintiffs. On exception taken by defendant's counsel the residue of the action was dismissed at plaintiffs' costs.

It is contended by defendant that the District Judge did not err in dismissing the suit, because the District Court of the parish of De Soto is the forum in which to settle all matters relative to the *Succession of Ezer E. Woods*. This is true as it respects all that part of the action which alleges nullities anterior to and in the decree of sale. These proceedings can only be attacked in the court which rendered them. C. P. 608. But in regard to the nullity arising subsequent to the order of sale, and in the practices of the defendant, the suit is properly brought at the domicil of the defendant. *Mississippi Marine and Fire Insurance Company* v. *Bank of Louisiana*, 11 R. R., 47.

It is further contended, that the heirs cannot sue the administrator for a single act of his administration, but must call upon him to account. The question is not entirely free from difficulty. We think, however, that the heirs have such an interest in the succession while under administration as to be able to have the sale made to the administrator either through a person interposed or to himself directly declared null. If the sale should be declared illegal the property will be subject to a re-sale to pay debts, if it be needed, and no injury can result to the creditors of the succession, while the rights of the heirs will also be protected.

The defendant's counsel has filed in this court what he denominates a peremptory exception to the action, based on the want of an allegation in the petition that plaintiffs ever tendered the defendant the price for which the slaves sold.

Without deciding whether an exception of this kind can be filed in this court we deem it sufficient to remark that the petition alleges that the allegation in the petition for a sale, that the estate was involved, was untrue, and, furthermore, it is alleged that said administrator had in his hands, or ought to have had, sufficient funds to pay all the pressing liabilities of the estate. Now, if the sale was unnecessary, the administrator has the funds arising from said sale in his own hands, and a tender, if needed under other circumstances, does not appear to be required in this case.

We think, so far as it respects the nullities arising since the order of sale was made, that the action can be maintained at the defendant's domicil, and that the exception should be overruled and the plaintiffs be permitted to introduce proof of such nullity.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be reversed so far as it dismisses plaintiffs' action for nullities alleged to have arisen since said order of sale, and that this case be remanded to the lower court for further proceedings, the defendants paying the costs of appeal.

Spofford, J., took no part in this case.